**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **JOSE ELMER CHAVEZ,** | : |
| | : |
| Plaintiff, | : CIVIL NO. 3:CV-06-1026 |
| | : |
| vs. | : (CHIEF JUDGE VANASKIE) |
| | : |
| **COMMONWEALTH OF PA., et al.**, | : |
| | : |
| Defendants. | : |

**M E M O R A N D U M**

**I.   Background**

Jose Elmer Chavez, an inmate currently confined at the Luzerne County Correctional Facility ("LCCF"), Pennsylvania, filed this action on May 22, 2006, pursuant to 42 U.S.C. § 1983. Along with his complaint, Chavez submitted an application seeking leave to proceed in forma pauperis in this matter.[1]

Named as Defendants are the Commonwealth of Pennsylvania,[2] Lieutenant Ralph

---

[1] Chavez completed this Court's form application for leave to proceed in forma pauperis and authorization form. An Administrative Order was thereafter issued on June 13, 2006 (Doc. 7), directing the warden at LCCF to commence deducting the full filing fee from the prison trust fund account of Chavez.

[2] It is well-settled that neither a state nor its agencies is a "person" as that term is used in 42 U.S.C. § 1983 and, hence, not subject to suit. See Will v. Michigan Dept. of State Police, 491 U.S. 58, 64 (1989); Hafer v. Melo, 502 U.S. 21, 25-27 (1991). Additionally, it is clear that the Eleventh Amendment bars civil rights suits against states as well as the departments and

Weiss, and Pennsylvania State Trooper Charles Prula.  On June 12, 2006, Chavez filed a document wherein he appears to set forth a list of additional individuals he wishes to name as defendants in this matter.  The list includes Lieutenant McCloskey, James Tupper, Andy Barrilla, Jr. and District Attorney John Doe.  (Dkt. Entry 6.)  This filing will be construed to be a supplement to the complaint.  In this action Chavez challenges the validity of his current confinement.  He is apparently confined at the Luzerne County Correctional Facility following his conviction on unspecified criminal charges.  He alleges that he has maintained his innocence during his entire incarceration, and that "due to a court error he was sentenced without arraignment."  (Dkt. Entry 1, Compl. at 3.)  He claims that the state refuses to release him without his signature on "appropriate documents" and argues that he has served "the maximum time of incarceration allowed by law."  (Id. at 3-4.)  Chavez further contends that Defendants have threatened him if he fails to sign various papers.  As relief, he seeks to be released from prison.  He also requests that a Spanish translator be appointed to expedite his release and file any appeals.

The case is presently before the Court for preliminary review pursuant to the screening provisions of 28 U.S.C. § 1915(e)(2)(B).  For the reasons set forth below, a portion of the

---

agencies thereof, unless the state has consented to the filing of such a suit.  See Kimel v. Fl. Bd. of Regents, 528 U.S. 274 (1977); Durham v. Department of Corrections, No. 05-4568, 2006 WL 752146, slip op. *1 (3d Cir. March 24, 2006); Laskaris v. Thornburgh, 661 F.2d 23, 25 (3d Cir. 1981).

complaint will be dismissed without prejudice to any right Chavez may have to reassert his claims in a properly filed habeas corpus petition. The remainder of the complaint will be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

## II.     Discussion

### A.     Habeas Corpus claims

Chavez clearly challenges his present confinement and seeks release from prison. It is well-settled that a habeas corpus petition is the proper form of relief for a prisoner who seeks to challenge either the fact or duration of his confinement in prison. Preiser v. Rodriguez, 411 U.S. 475 (1973), Telford v. Hepting, 980 F.2d 745, 748 (3d Cir.), cert. denied, 510 U.S. 920 (1993). Federal habeas corpus review is available "where the deprivation of rights is such that it necessarily impacts the fact or length of detention." Leamer v. Fauver, 288 F.3d 532, 540 (3d Cir. 2002).

It is clear that, other than allegations of threats by Defendants, Chavez's complaint challenges the legality of his present confinement and seeks his immediate release from custody. As such, these claims will be dismissed, without prejudice, to allow Chavez to pursue his claims in a properly filed petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.[3]

---

[3] On June 22, 2006, mail sent to Plaintiff by the Court was returned as undeliverable, with the notation that he had been released from the Luzerne County Correctional Facility. It thus may be that, to the extent that Chavez challenges his confinement, the matter is moot.

**B.     Civil Rights claim**

In the complaint Chavez also contends that Defendants have threatened him physically if he fails to sign certain documents. While this claim does not implicate the validity of Chavez's conviction, it does not rise to the level of a constitutional violation.

Section 1915(e)(2) of Title 28 of the United States Code provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that - (A) the allegation of poverty is untrue; or (B) the action or appeal (i) <u>is frivolous or malicious</u>; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

(Emphasis added.) In <u>Neitzke v. Williams</u>, 490 U.S. 319 (1989), the Supreme Court stated that a complaint is frivolous "where it lacks an arguable basis either in law or fact." 490 U.S. at 325. Indisputably meritless legal theories are those "in which either it is readily apparent that the plaintiff's complaint lacks an arguable basis in law or that the defendants are clearly entitled to immunity from suit . . . ." <u>Roman v. Jeffes</u>, 904 F.2d 192, 194 (3d Cir. 1990)(quoting <u>Sultenfuss v. Snow</u>, 894 F.2d 1277, 1278 (11th Cir. 1990)).

It is well established that a claim of verbal harassment alone does not establish the deprivation of a constitutional right. It has been held that the use of words, however violent or offensive, generally cannot constitute an assault actionable under § 1983. <u>Maclean v. Secor</u>, 876 F. Supp. 695, 698-99 (E.D. Pa. 1995); <u>Murray v. Woodburn</u>, 809 F. Supp. 383, 384 (E.D.

Pa. 1993)("Mean harassment . . . is insufficient to state a constitutional deprivation."); Prisoners' Legal Ass'n v. Roberson, 822 F. Supp. 185, 189 (D.N.J. 1993)("Verbal Harassment does not give rise to a constitutional violation enforceable under § 1983.") Mere threatening language and gestures of a custodial officer do not, even if true, amount to constitutional violations.  Fisher v. Woodson, 373 F. Supp. 970, 973 (E.D. Va. 1973); see also Balliet v. Whitmire, 626 F. Supp. 219, 228-29 (M.D. Pa.)("[v]erbal abuse is not a civil rights violation . . . ."), aff'd 800 F.2d 1130 (3d Cir. 1986).  Further, it has been held that a constitutional claim based only on verbal threats will fail regardless of whether it is asserted under the Eighth Amendment's cruel and unusual punishment clause, see Prisoners' Legal Ass'n, 822 F. Supp. at 189, or under the Fifth Amendment's substantive due process clause, see Pittsley v. Warish, 927 F.2d 3, 7 (1st Cir.), cert. denied, 502 U.S. 879 (1991).  As such, Chavez fails to state a viable claim for relief because he has asserted nothing more than mere threats.  His civil rights claim will therefore be dismissed as frivolous.  An appropriate Order follows.

                                              **s/ Thomas I. Vanaskie**
                                              Thomas I. Vanaskie, Chief Judge
                                              Middle District of Pennsylvania

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **JOSE ELMER CHAVEZ,** | : |
| | : |
| Plaintiff, | : CIVIL NO. 3:CV-06-1026 |
| | : |
| vs. | : (CHIEF JUDGE VANASKIE) |
| | : |
| **COMMONWEALTH OF PENNSYLVANIA,** | : |
| et al., | : |
| | : |
| Defendants | |

## O R D E R

**NOW, THIS 28th DAY OF JULY, 2006,** for the reasons set forth in the foregoing Memorandum, **IT IS HEREBY ORDERED AS FOLLOWS:**

1. To the extent the complaint sets forth claims challenging the validity of Plaintiff's confinement, the complaint is dismissed, without prejudice. Plaintiff, if he so chooses, may reassert his present claims in a properly filed habeas corpus action.

2. The Clerk of Court is direct to forward to Plaintiff two (2) copies of this Court's § 2254 form petition for writ of habeas corpus.

3. The remainder of the claims raised in the complaint are dismissed, without prejudice, as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

4. The Clerk of Court is directed to close this case.

5. Any appeal from this Order will be deemed frivolous, without probable cause, and not taken in good faith.

                                                    **s/ Thomas I. Vanaskie**
                                                    Thomas I. Vanaskie, Chief Judge
                                                    Middle District of Pennsylvania